NOT DESIGNATED FOR PUBLICATION

No. 121,288

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of
TIMOTHY WADE ROBERTS.

MEMORANDUM OPINION

Appeal from Osage District Court; DOUGLAS P. WITTEMAN, judge. Opinion filed March 20, 2020. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Dwight R. Carswell*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., LEBEN and BRUNS, JJ.

PER CURIAM: The State filed a civil petition alleging that Timothy Wade Roberts was a sexually violent predator as defined by the Sexually Violent Predator Act (SVPA) and asking that he be involuntarily committed into the custody of the Secretary for the Kansas Department for Aging and Disability Services (KDADS). A jury ultimately found Roberts to be a sexually violent predator within the meaning of the SVPA and therefore subject to involuntary commitment. Roberts appeals from the jury's finding, claiming that there was insufficient evidence to support the jury's verdict. Finding no error, we affirm.

FACTS

In 2005, pursuant to a plea agreement, Roberts pled no contest to two counts of criminal sodomy and was sentenced to 118 months in prison. He was released on parole twice, once in 2012 and again in 2013 but was returned to prison both times for violating

1

the conditions of that parole. He was set to be released from prison on February 19, 2015; but the day before, the State filed a petition asking that Roberts be declared a sexually violent predator within the meaning of K.S.A. 2019 Supp. 59-29a02 and civilly committed into KDADS custody. The matter was continued several times, but a trial eventually was held in January 2018.

At that trial, three experts gave conflicting opinions as to whether a mental abnormality or personality disorder made Roberts likely to engage in repeat acts of sexual violence. Dr. Rebecca Farr, a psychologist from Larned State Hospital, and Dr. Derek Grimmell, a forensic psychologist with the Kansas Department of Corrections, testified on behalf of the State while Dr. Lindsay Dees, a clinical psychologist from the military correctional complex at Fort Leavenworth, testified on behalf of Roberts. Dr. Farr testified that she conducted a forensic evaluation of Roberts and diagnosed him with narcissistic personality disorder with borderline features. She based that diagnosis on Roberts' grandiose sense of self-importance, his exaggeration of his achievements and talents, and his expectation that he should be recognized as "superior." She also reviewed his records and identified a pattern of instability in his interpersonal relationships as well as a tendency to act impulsively in ways that could be harmful to himself and others. Dr. Farr concluded that Roberts' personality disorder made it likely that he would engage in repeat acts of sexual violence in the future.

Dr. Grimmell evaluated Roberts just before his release from prison and diagnosed him with a personality disorder that is "formally characterized as narcissistic and histrionic traits blended together." He based that diagnosis on Roberts' "repeated instances of entitlement, emotion-based thinking, rejection of supervision, [and] blaming [of] people who are trying to hold him accountable." Dr. Grimmell chose not to limit his diagnosis to a specific type, however, because he believed that Roberts' problems rotated around both his sense of entitlement, which was a narcissistic trait, and his sexualizing of relationships, which was a histrionic trait. Although Dr. Grimmell differed slightly from

Dr. Farr on his exact diagnosis of Roberts' personality disorder, he agreed with her that his diagnosis would make it likely that Roberts' would engage in repeat acts of sexual violence in the future.

Dr. Dees conducted a forensic evaluation of Roberts. Although she identified both narcissistic and histrionic traits in him, she did not believe they were enough to establish a personality disorder. She believed Roberts' sexually inappropriate and violent behaviors were more attributable to his issues with substance abuse than to a personality disorder. Accordingly, Dr. Dees concluded that Roberts did not qualify for civil commitment under the SVPA.

After deliberating, the jury found that Roberts was a sexually violent predator within the meaning of the SVPA and was therefore subject to involuntary commitment. The district court accepted the jury's finding and committed Roberts into KDADS custody until such time as his mental abnormality or personality disorder has so changed that he is safe to be at large.

ANALYSIS

Roberts argues there was insufficient evidence to support his adjudication as a sexually violent predator under the SVPA. When the sufficiency of the evidence is challenged in sexually violent predator cases, appellate courts must determine whether, after reviewing all of the evidence in a light most favorable to the State, it is convinced that "a reasonable factfinder could have found the State met its burden to demonstrate beyond a reasonable doubt that the individual in question is a sexually violent predator." *In re Care & Treatment of Williams*, 292 Kan. 96, 104, 253 P.3d 327 (2011). The appellate court does not, however, "reweigh the evidence, pass on the credibility of witnesses, or resolve conflicts in the evidence." 292 Kan. at 104.

To establish that a person is a sexually violent predator, the burden is on the State to prove beyond a reasonable doubt that the person: (1) has been convicted of or charged with a sexually violent offense; (2) suffers from a mental abnormality or personality disorder that; (3) makes it likely that he or she will engage in repeat acts of sexual violence; and (4) has a serious difficulty controlling his or her behavior. K.S.A. 2019 Supp. 59-29a02(a); see also *In re Care & Treatment of Williams*, 292 Kan. at 106 (citing *Kansas v. Crane*, 534 U.S. 407, 412-15, 122 S. Ct. 867, 151 L. Ed. 2d 856 [2002]). Here, it is undisputed that Roberts has two convictions for criminal sodomy, which satisfies the first element. Similarly, Roberts does not dispute that there was sufficient evidence to support the jury's findings on the third and fourth elements.

Instead, Roberts argues there is insufficient evidence of the second required element: that he suffers from a mental abnormality or personality disorder. In support of this argument, Roberts claims none of the experts who testified at trial diagnosed him with any type of sexually deviant condition, such as pedophilia or hebephilia. But as the State correctly notes, the SVPA does not require such a showing. Instead, it simply requires the State to show that Roberts suffers from a mental abnormality or personality disorder that makes it likely that he will engage in repeat acts of sexual violence. K.S.A. 2019 Supp. 59-29a02(a). And the State did that through the testimony of Dr. Farr and Dr. Grimmell.

Roberts also supports his argument of insufficient evidence by pointing out that Dr. Dees testified it was his substance abuse issues, not his personality disorders, that make him likely to engage in repeat acts of sexual violence. Roberts argues substance abuse does not qualify as a mental abnormality or personality disorder under the SVPA and, therefore, the State failed to carry its burden. But this argument ignores the testimony of Dr. Farr and Dr. Grimmell, who both disagreed with Dr. Dees and found that Roberts suffers from a personality disorder, either narcissistic personality disorder with borderline features (Dr. Farr) or a personality disorder with a blend of narcissistic

4

and histrionic traits (Dr. Grimmell). Both of these experts also provided opinions based on their respective diagnoses that Roberts was likely to engage in repeat acts of sexual violence in the future.

Simply put, Roberts' argument asks us to reweigh and resolve a conflict within the evidence, which is a task we are prohibited from undertaking. See *In re Care & Treatment of Williams*, 292 Kan. at 104. Looking at the evidence in a light most favorable to the State, we find sufficient evidence for a reasonable fact-finder to conclude that the State proved beyond a reasonable doubt that Roberts suffers from a mental abnormality or personality disorder that makes him likely to engage in repeat acts of sexual violence in the future. See 292 Kan. at 104; see also K.S.A. 2019 Supp. 59-29a02(a).

Affirmed.